IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY A. ROGERS,

        Plaintiff,

vs.                              Case No. 10-CV-1207-SAC

THE BOEING COMPANY
EMPLOYEE RETIREMENT PLAN,
and THE EMPLOYEE BENEFITS PLAN
COMMITTEE OF THE BOEING COMPANY,

        Defendants.

MEMORANDUM AND ORDER

        This ERISA case comes before the court on defendants' motion to dismiss the second, third and fourth causes of action in the plaintiff's complaint, pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff opposes the motion.

        Plaintiff's complaint alleges as its first cause of action that defendants violated ERISA by denying plaintiff's request for disability retirement benefits under the Plan without giving him notice of a condition precedent. Its second cause of action alleges that the Plan Administrator breached its duty under a federal regulation to "distribute a summary plan description that 'accurately reflect[s] the contents' of the Plan." The third cause of action alleges that the Committee breached the following fiduciary duties: 1) to "inform Plaintiff of the conditions he needed to satisfy in order to receive a disability retirement benefit under the Plan"; 2) to timely decide plaintiff's appeal and notify him of their decision; and, 3) to inform plaintiff that upon becoming disabled, "it would be to his advantage to apply for and commence his disability retirement benefits as soon as he

could..." Dk. 1, p. 11. The third cause of action also alleges that "as a proximate result of the Committee's refusal to grant Plaintiff the benefits owed under the Plan, Plaintiff has been deprived of said benefits from the date of his disability to the present date." *Id.* The fourth cause of action requests "injunctive relief requiring the Committee to prepare and distribute a summary plan description that accurately described the provisions of the plan . . . pursuant to ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3))." Dk. 1, p. 11. It adds:

> [f]urther injunctive relief is necessary requiring the Committee to comply with the regulations issued by the Department of Labor addressing the timely processing of appeals filed by plan participants of denied claims, the timely communication with plan participants of the status of pending claims appeals, and other legal standards established by the [DOL].

Dk. 1, p. 11-12. The complaint additionally seeks damages consisting of plaintiff's disability retirement benefits from the date he was disabled. *Id.*, p.12.

Defendants contend that plaintiff impermissibly seeks relief under two civil enforcement sections of ERISA: § 1132(a)(1)(B) and § 1132(a)(3). Defendants contend that plaintiff's exclusive recovery for injury due to non-payment of employee benefits is under ERISA § 1132(a)(1)(B), and that plaintiff's additional, or alternative, claim for equitable relief under § 1132(a)(3) is unavailable and inappropriate.

The first section provides that a plan participant or beneficiary may bring a civil action:

> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). Defendants believe that plaintiff's first cause of action seeks to recover benefits under this section, and do not seek to dismiss that claim. A separate civil enforcement section of ERISA provides that a plan participant, beneficiary, or

2

fiduciary may bring a civil action:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3). Plaintiff concedes that his second, third, and fourth claims for relief seek equitable relief pursuant to this section. Dk. 14, p. 2. Defendants contend that these three claims for equitable relief fail to state a claim under Fed. R. Civ. Pro. 12 (b)(6) because they are unavailable, given plaintiff's § 1132(a)(1)(B) claim for legal relief.

**Dismissal standard**

In resolving a motion to dismiss, the court applies a plausibility standard to determine whether the complaint includes enough facts that, if assumed to be true, state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). *See also Mink v. Knox*, 613 F.3d 995 (10th Cir. 2010). The court accepts all factual allegations in the complaint as true and draws all reasonable inferences in favor of the nonmoving party, here the plaintiffs. *See Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). The court is not, however, bound to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 129 S.Ct. at 1949-50.

**ERISA equitable relief**

The United States Supreme Court has held that § 1132(a)(3) authorizes

3

appropriate equitable relief to participants to redress ERISA violations, but only if no other adequate ERISA remedy is available. *Varity Corporation v. Howe*, 516 U.S. 489, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996) (holding § 1132(a)(3) is a " 'catchall' provision[ that] act[s] as a safety net, offering appropriate equitable relief for injuries ... not elsewhere adequately remed[ied].") *Id.* at 512, 116 S.Ct. 1065.[1] The Supreme Court later found that § 1132(a)(3) allows only "those categories of relief that were typically available in equity." *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 209-21 (2002). *Great-West* specifically rejected the argument that the monetary payment sought there was equitable relief, stating that "an injunction to compel the payment of money past due under a contract, or specific performance of a past due monetary obligation, was not typically available in equity." *Id.* at 210-11.

Consistent with *Great-West,* the Tenth Circuit has found that generally "monetary compensation for economic or other harm" is unavailable under ERISA. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1234 (10th Cir. 2002); *see also Millsap v. McDonnell Douglas Corp.*, 368 F.3d 1246, 1251-54 (10th Cir. 2004) (concluding that back pay was appropriately classified as legal relief). However, awards of equitable restitution damages, such as constructive trusts or equitable liens are still permitted under § 1132(a)(3), when limited to situations where the money or property can be "traced to particular funds or property in the defendant's possession," *Great-West*, 534 U.S. at 213, and the awards are based upon a defendant's gain, not on a plaintiff's loss.

---

[1] *Varity* is consistent with the general rule that equitable relief is available only in the absence of adequate legal relief. *Switzer v. Coan*, 261 F.3d 985, 991 (10th Cir. 2001).

*Callery v. U.S. Life Ins. Co. in City of New York*, 392 F.3d 401, 406 (10th Cir. 2004), *cert denied*, 546 U.S. 812 (2005).

Although the Tenth Circuit has not published a case on the issue, it has issued an unpublished opinion holding that plaintiffs cannot bring claims under § 1132(a)(3) when § 1132(a)(1)(B) provides adequate relief for the alleged injury. In *Lefler v. United Healthcare of Utah, Inc.*, 72 Fed.Appx. 818, 826, 2003 WL 21940936, 6 (10th Cir. 2003), a class of plaintiffs alleged a breach of fiduciary duty and sought to impose a constructive trust for monies improperly held, seeking equitable relief under 29 U.S.C. § 1132(a)(3) in addition to their claims of improper denial of benefits under the plan. Relying on *Varity,* the Tenth Circuit found dismissal of the § 1132(a)(3) claim proper as a matter of law, stating:

> We agree with the district court that consideration of a claim under 29 U.S.C. 1132(a)(3) is improper when the Class, as here, states a cognizable claim under 29 U.S.C. § 1132(a)(1)(B), a provision which provides adequate relief for alleged class injury.

*Lefler*, 72 Fed.Appx. at 826. *See Moore v. Berg Enter., Inc.*, 201 F.3d 448 (Table), 1999 WL 1063823, at *2 n. 2 (10th Cir. Nov. 23, 1999) (finding plaintiff cannot repackage his denial of benefits claim as a claim for breach of fiduciary duty and seek relief under 1132(a)(3)); *Cf Fulghum v. Embarq Corp.*, 2008 WL 5109781,10 (D.Kan. 2008) (dismissing plaintiffs' claim for declaratory relief § 1132(a)(3) because plaintiffs sought the same relief - a declaratory judgment that they were entitled to restoration of benefits - under § 502(a)(1)(B), which provided adequate relief.)

Plaintiff contends that he is not seeking monetary relief or recovery of benefits in any form in his second, third, or fourth claims for relief. Dk. 14. Thus the challenged

5

claims do not appear to be a mere subterfuge for seeking the denied ERISA benefits. The fourth claim expressly seeks prospective relief, including an injunction requiring the Plan Administrator to distribute an accurate SPD and to comply with regulations regarding appeals. Dk. 1, p. 11. This is a kind of relief that was typically available in equity. *See Mertens v. Hewitt Associates*, 508 U.S. 248, 256 (1993).

More importantly, defendants have not shown that legal relief is potentially available to this plaintiff under § 502(a)(1)(B). Defendants do not concede that plaintiff states a cognizable claim for recovery of disability retirement benefits under that subsection, or that plaintiff's claims are, in fact, covered by that subsection, or that plaintiff has a right to bring a claim for benefits under that subsection, or that plaintiff may potentially or even theoretically recover under that subsection. Instead, defendants base their exclusive remedy argument on the facts that plaintiff cites § 502(a)(1)(B) and seeks recovery of benefits. The court does not agree that merely alleging an ERISA claim for recovery of benefits precludes all claims for equitable relief, without an individualized showing that relief is potentially available to this plaintiff under § 1132(a)(1)(B) based upon the claims made in this complaint.

Plaintiff's first cause of action, brought under § 1132(a)(1)(B), essentially alleges that plaintiff would have recovered disability retirement benefits "but for" defendant's material omission from the SPD. Defendants have not shown that adequate ERISA relief for this claim is available to plaintiff as a matter of law under § 1132(a)(1)(B), as plaintiff has not been shown to have a cognizable claim for ERISA benefits due to him

*under the terms of the plan.*[2] Instead, plaintiffs who have detrimentally relied on inaccurate or misleading terms of an SPD may properly bring claims for breach of fiduciary duty under ERISA section 1132(a)(3). *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 578 (3rd Cir. 2006). Accordingly, it is possible that plaintiff's only recourse may be equitable relief under § 1132(a)(3)), as pled in the counts which defendant seeks to dismiss. The court is concerned that dismissing the plaintiff's equitable claims at this early point may leave the plaintiff without any remedy whatsoever.

Defendants contend that the injunctive relief sought by plaintiff can be brought under § 1132(a)(1)(B), citing *Dozsa v. Crum & Forster Ins. Co.,* 716 F.Supp. 131, 137 (D.N.J.1989). In that case, however, the plaintiff brought suit under both Sections 1132(a)(1)(B) and 1132(a)(3) of ERISA, and the court did not specify which subsection it relied upon in issuing the preliminary injunction. Defendant additionally relies upon *Corsini v. United HealthCare Corp.*, 51 F.Supp.2d 103, 107 (D.R.I.1999). That case affirms that plaintiffs are not entitled to cumulative or duplicative relief, but specifically found "[h]owever, to the extent that their (a)(1)(B) claims and their (a)(3) claims are separate and distinct, they are entitled to pursue both kinds of claims." *Id.* Although the court dismissed the 1132(a)(3) claims for accounting and injunctive relief since they "amounted to nothing more than a relabeling of the claim under 1132(a)(1)(B), it refused to dismiss the 1132(a)(3) claim for breach of fiduciary duty because it was to some extent independent from the plan violation asserted under 1132(a)(1)(B), although

---

[2]The court declines to analyze whether the plaintiff does or does not have a cognizable claim under § 1132(a)(1)(B) when the parties have not done so. Nor have the parties addressed Fed.R.Civ.P. 8(d)(3), which permits a party to plead mutually exclusive or inconsistent theories of recovery.

based on the same conduct. *Id.* These cases lend little support to defendants' contentions.

Because it has not been shown that the relief plaintiff seeks in the second, third, and fourth causes of action is necessarily redundant to relief potentially available to the plaintiff in his first cause of action, dismissal is not presently warranted as a matter of law.

IT IS THEREFORE ORDERED that defendants' motion to dismiss is denied.

Dated this 19th day of October, 2010 at Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge